# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE SUE SALERNO, a/k/a BONNIE SUE SMITH, | Civil No. 3:13-CV-1549 |
| Plaintiff, | (Judge Mariani) |
| v. | (Magistrate Judge Carlson) |
| AMERICAN EDUCATION SERVICES, a/k/a AES, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This case, which comes before the Court on a motion to dismiss filed by the defendant American Education Services (hereafter AES), was commenced on May 9, 2013, when the plaintiff, Bonnie Sue Salerno, filed a *pro se* complaint in the Court of Common Pleas of Luzerne County. (Doc. 1) This complaint, which was removed by the defendant to federal court, was a spare and somewhat cryptic two-page document. (Id.) In this pleading, Salerno acknowledged a federal student loan debt that she had incurred in April of 1999 in the amount of $23, 534.78. Thus, Salerno's complaint appears to acknowledge that she was a student loan debtor under the Federal Family Education Loan Program, Title IV of the Higher Education Act (HEA), 20 U.S.C. § 1071, *et. seq*.

Salerno then seemed to concede a default on the loan, while disputing the amount of the accrued interest and penalties now owed on this 14 year old student loan debt. (Id.) On the basis of these allegations, Salerno named AES, the loan serving entity used by the Pennsylvania Higher Education Assistance Agency, as the sole defendant and sought some sort of judicial declaration regarding her federal student loan debt. Thus, liberally construed, Salerno appeared to be bringing a private claim for declaratory relief under the Federal Family Education Loan Program, Title IV of the Higher Education Act (HEA), 20 U.S.C. § 1071, *et. seq.*

AES timely removed this action to federal court, and moved to dismiss Salerno's complaint. (Doc. 4) This motion is fully briefed by the parties, (Docs. 5,8 and 9), and is now ripe for resolution. For the reasons set forth below, it is recommended that the motion to dismiss be granted, but without prejudice to Salerno endeavoring to file an amended complaint which complies with federal pleading requirements.

    **II.**    **Discussion**

    **A.**    **Motion to Dismiss–Standard of Review**

A motion to dismiss tests the legal sufficiency of a complaint. Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The

moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

3

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims

are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

> **B. HEA Does Not Provide for a Private Cause of Action Against Student Loan Servicing Agencies Like AES**

While there is a certain enigmatic quality to Salerno's complaint, liberally construed Salerno, a federal student loan debtor in default, seems to be bringing a private claim for declaratory relief under the Federal Family Education Loan Program, Title IV of the Higher Education Act (HEA), 20 U.S.C. § 1071, *et. seq.* To the extent that this is Salerno's claim, the threshold question we must address is whether this federal statute creates an implied private right of action in favor of student debtors

who are in default. In ascertaining whether a particular federal law creates a private right of action: "the relevant inquiry for determining whether a private right of action exists appears to have two steps: (1) Did Congress intend to create a personal right?; and (2) Did Congress intend to create a private remedy? Only if the answer to both of these questions is 'yes' may a court hold that an implied private right of action exists under a federal statute. See, e.g., Three Rivers Ctr. v. Hous. Auth. of the City of Pittsburgh, 382 F.3d 412, 421 (3d Cir.2004) ('Put succinctly, for an implied right of action to exist, a statute must manifest Congress's intent to create (1) a personal right, and (2) a private remedy' (citing Sandoval, 532 U.S. at 286, 121 S.Ct. 1511))." Wisniewski v. Rodale, Inc., 510 F.3d 294, 301 (3d Cir. 2007).

As to this question, courts generally agree that HEA does not imply a private right of action in favor of student-debtors of the type apparently claimed by Salerno. Quite the contrary, "it is important to note at the outset that nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions. See, e.g., Labickas v. Arkansas State University, 78 F.3d 333, 334 (8th Cir.1996); Parks School of Business v. Symington, 51 F.3d 1480, 1485 (9th Cir.1995); L'ggrke v. Benkula, 966 F.2d 1346, 1348 (10th Cir.1992); Bartels v. Alabama Commercial College, 918 F.Supp. 1565, 1573 (S.D.Ga.1995); New York Institute of Dietetics, Inc. v. Great

Lakes Higher Education Corp., [No. 94–CIV—4858, 1995 WL 562189 (S.D.N.Y. Sept.21, 1995)], Moy v. Adelphi Institute, Inc., 866 F.Supp. 696, 705 (E.D.N.Y.1994); Jackson v. Culinary School of Washington, 788 F.Supp. 1233, 1256–60 (D.D.C.1992), remanded on other grounds, 27 F.3d 573 (D.C.Cir.1994), vacated on other grounds, 515 U.S. 1139, 115 S.Ct. 2573, 132 L.Ed.2d 824 (1995); Keams v. Tempe Technical Institute, Inc.,807 F.Supp. 569, 570 (D. Ariz. 1992), reversed on other grounds, 39 F.3d 222 (9th Cir.1994); Hudson v. Academy of Court Reporting, 746 F.Supp. 718, 721 (S.D.Ohio 1990); St. Mary of the Plains College v. Higher Education Loan Program of Kansas, Inc., 724 F.Supp. 803, 806–07 (D.Kan.1989); Graham v. Security Savings and Loan, 125 F.R.D. 687, 693 (N.D.Md.1989); aff'd sub nom Veal v. First American Savings Bank, 914 F.2d 909 (7th Cir.1990)." McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002). "Therefore, '[i]t is well-settled that the HEA does not expressly provide debtors with a private right of action.' Cliff, 363 F.3d at 1123 (citing McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir.2002))." Bennett v. Premiere Credit of N. Am., LLC, 504 F. App'x 872, 875 (11th Cir. 2013).

Thus, to the extent that Salerno seeks to bring a private claim under HEA challenging her student loan debt obligation, this claim fails because HEA simply does not provide for such a private right of action. Given this legal obstacle to maintaining a private claim under HEA, in her opposition to the defendant's motion to dismiss

Salerno implies that she may also be pursuing a separate claim against AES, complaining for the first time that she receives 6-10 dunning telephone calls from AES daily. (Doc. 8, p.2) Construing this statements by Salerno in her opposition brief as an attempt to lodge a claim under the Fair Debt Collection Practices Act, in their reply brief AES argues that such a claim fails as a matter of law. (Doc. 9, pp.3-4) We need not reach this issue at present, however, since it is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion. Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); cf. Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)."). Therefore, it is recommended that the Court refrain from addressing what is at best only a potential claim which has not yet been fully articulated by Salerno in any complaint.

Further, while this merits analysis calls for dismissal of this action in its current form we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint setting forth

well-pleaded claims within the period of the statute of limitations. We recommend this course mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have.

### III. Recommendation

Accordingly, for the foregoing reasons, the defendant's Motion to Dismiss be GRANTED (Doc. 4), but IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making

a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge